ALUMINUM CASTINGS CO. v. LOCAL NO. 84 OF INTERNATIONAL MOLDERS' UNION OF NORTH AMERICA et al.

(District Court, W. D. New York. June 17, 1912.)

1. MASTER AND SERVANT (§ 338*)—LABOR STRIKE—RIGHTS OF STRIKERS AND OF EMPLOYER.

While employés engaged in a strike have the right to quit the service of the employer singly or in association with others, and even to properly picket or patrol the premises of the employer, and to peaceably induce other workmen to refrain from engaging in his service and to peaceably persuade remaining employés to join them in the strike, they have not the right, nor has the union of which they are members the right, to resort to means which make those workmen who wish to enter or remain in the service of the employer afraid to do so, which is an unlawful interference with his property rights and with the personal rights of the workmen, and will be restrained by injunction.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 338.*]

2. TRADE UNIONS (§ 6*)—LABOR STRIKE—RIGHTS OF UNIONS.

It is not unlawful for a local labor union to inaugurate or conduct a strike for the benefit of its members, nor will it be enjoined because of unlawful acts of its individual members which neither its officers nor committees directed or approved, unless committed in carrying out their orders.

[Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 5; Dec. Dig. § 6.*

Restraining boycotts, strikes, and other combinations by employés interfering with commerce or business, see note to Shine v. Fox Bros. Mfg. Co., 86 C. C. A. 313.]

In Equity. Suit by the Aluminum Castings Company against Local No. 84 of the International Molders' Union of North America and others. On motion to dissolve preliminary injunction. Motion sustained as to Local No. 84, but denied as to individual defendants.

Love & Keating, of Buffalo, N. Y., for complainant.
Daniel V. Murphy, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. [1] The continuance of the preliminary injunction heretofore granted depends upon whether the salient averments of the bill charging misconduct by the defendants and unlawful combination are substantiated by specific acts of intimidation, or by violence done to or threatened against the employés or the property of the complainant. Counsel for defendants has directed my attention

---

to Union Pacific R. Co. v. Ruef et al. (C. C.) 120 Fed. 102, where the law and the power of a court of equity in cases of labor strikes are fully and comprehensively stated. An extended discussion thereof is unnecessary, but, in brief, the case cited holds that members of a labor union who are engaged in a strike commit wrongful acts if they prevent the employer from conducting his business, and by threats and intimidations or assaults prevent other men from entering or remaining in his employ. While the employés engaged in a strike have the right to quit the service of the employer singly, or in association with others, and even to properly picket or patrol the premises of the employer, and to peaceably induce other workmen to refrain from engaging in his service, and to peaceably persuade remaining employés to join them in the strike, yet they have not the right, nor has the union of which they are members the right, to resort to means which make those workmen who wish to enter or remain in the service of the employer afraid to do so. Such conduct is uniformly held by the federal and state courts to be unlawful as interfering with the property rights of the employer, as well as with the personal rights of the workmen.

In this case the bill alleges in general language that strikers, defendants and members of Local No. 84, picket or patrol the premises of complainant; that the individual defendants loiter in the neighborhood of complainant's plants, and endeavor to prevent persons from entering its employ; that they intimidate workmen, and solicit those who have not left the employ of complainant to do so; and that they threaten others, and have already attacked and assaulted some.

It not only appears in general that strikers have threatened and assaulted various employés, but, in particular, that one Andy Smith, a striking molder, one of the defendants, and a member of Local No. 84, committed acts of intimidation, and threatened to kill the affiant workman if he did not quit work, and that on April 24, 1912, the defendant Koelzow, a member of Local No. 84, together with strikers Lanka and Knoph, intimidated the workman Kaczmarek, and threatened and assaulted him. By additional affidavits, filed by leave of the court since the granting of the order to show cause, it is shown that the defendant Copkins, also known as Paradowski, a member of Local No. 84, accompanied by a number of strikers or sympathizers, twice attacked workman Nowak, and threatened to injure or kill him unless he ceased working for complainant. Other affidavits show that other individual defendants have made threats, and used improper epithets towards complainant's workmen, and in different ways have intimidated them, inducing them to leave its employment.

In opposition to the continuance of the restraining order, affidavits have been read showing, among other things, that Local No. 84 did not declare the strike, but that it was declared or inaugurated by the vice president of the International Molders' Union of North America, an organization not within the jurisdiction of this court, because of complainant's refusal to accede to the demands made by its officers that the hours of labor be reduced, and the rate of compensation increased. It is denied that an unlawful combination exists to commit

the unlawful acts specified in the bill, and it is claimed that many of the acts complained of were committed by nonmembers of the union.

The affidavits satisfy me that the officers of Local No. 84 condemn and disapprove the commission by its members of acts of intimidation and assault, and are in favor of lawful methods of inducing the complainant to accede to the demands of the strikers and of the union. Indeed, it is shown by the affidavits of Mr. Humphrey, the business agent of Local No. 84, and Mr. Holtz, the chairman of the strike committee, that at the first meeting of the union after the order to show cause why preliminary injunction should not be granted was served the same was read aloud, and each paragraph of the injunction was explained in detail to the 150 members present, 16 of whom were employés of complainant, and they were advised and urged, both at the time and since, at other meetings of the union, and individually in conversations had with them to strictly comply with the terms of the injunction.

[2] As the case stands, there is nothing to show that Local No. 84 or its principal officers have incited or coerced members of the union or other strikers to acts of intimidation or assault. It was not unlawful for Local No. 84 or for the International Molders' Union of North America to which it is subsidiary to order the strike, for workmen have the right to affiliate with organizations of that character, and they have the right to authorize their officers to inaugurate strikes for their benefit, and to consult and receive advice from them concerning the conduct of such strikes. Thomas v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 62 Fed. 803; Delaware, L. & W. R. Co. v. Switchmen's Union of North America (C. C.) 158 Fed. 541. The affidavits of complainant are insufficient to show that the union by its officers either separately or collectively is responsible for the acts of Smith, Koelzow, and Copkins, or of other strikers, and I am therefore loth to hold that such conditions as to actual intimidations existed in the union or among a sufficiently large proportion of its members as to justify the continuance of the injunction before trial on the merits can be had. Kerbs v. Rosenstein, 56 App. Div. 619, 67 N. Y. Supp. 385. Of course, if subsequently it appears that those on picket duty and those strikers who are members of Local No. 84 commit acts or continue the commission of acts of intimidation or assault, there may be a renewal of this application. Though the injunction will not at this time be continued against the union or its officers, the members of the union will nevertheless be held to have been apprised of these views, and bound to obey the injunction in the same manner as those against whom it remains in force, and, if there be a violation, shall be subject to the same penalties. Union Pacific R. Co. v. Ruef et al., supra. The union and its officers must not lose sight of the fact that from its membership it has formed a strike committee under whose supervision and subject to whose orders the striking members concededly are. It supervises the picketing and patroling of the premises of the complainant, putting it to large expense to protect its workmen and property, and, though picketing is not unlawful per se, yet it is to be considered that where picketing is ac-

'companied by threats of violence and intimidation that which is in itself lawful becomes unlawful, and the union, its officers, and members having actual or presumptive knowledge of such acts may be enjoined by a court of equity. Schwarcz v. International L. G. W. Union, 68 Misc. Rep. 528, 124 N. Y. Supp. 968.

The injunction heretofore issued should continue during the pendency of the actions to all defendants save as to Local No. 84.